**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marc Adam Hall,<br><br>          Petitioner,<br><br>v.<br><br>Charles L Ryan, et al.,<br><br>          Respondents. | No. CV-17-00420-TUC-BPV<br><br>**ORDER** |

On October 11, 2017, Petitioner Marc Adam Hall, through counsel, filed an Amended Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. (Doc. 12.) Respondents filed a limited answer. (Doc. 13.) Petitioner submitted a reply (Doc. 36) and a supplemental reply (Doc. 40). The parties have consented to Magistrate Judge Bernardo P. Velasco's jurisdiction over all proceedings in this matter, including entry of final judgment. (Doc. 35.) For the reasons stated herein, the Court denies Petitioner's § 2254 Petition in its entirety.

**I.   Factual and Procedural History**

Sometime in November 2009, Petitioner's wife, Jennifer Bennett, caught him watching what she thought was child pornography.[1] (Ex. A, Doc. 14 at ¶¶2–3.) After searching the Windows Media Player on his computer, Mrs. Bennett discovered a history

---

[1] Petitioner does not dispute the Arizona Court of Appeals' summary of events. In addition, factual findings by the state court are given the presumption of being correct absent clear and convincing evidence to the contrary. *See* 28 U.S.C. § 2254(e)(1); *Schriro v. Landrigan*, 550 U.S. 465, 473-74 (2007); *cf. Rose v. Ludy*, 455 U.S. 509, 519 (1982).

log that also appeared to contain child pornography. *Id.* When she attempted to open the files, however, the computer displayed an error message indicating "file does not exist." *Id.* Upset, Mrs. Bennett called two friends who helped her and her children move out. *Id.* In the meantime, Petitioner reinstalled Windows on his computer. *Id.* Mrs. Bennett subsequently left the house and called the police. *Id.* Thereafter, a forensic examiner inspected Petitioner's computer and found several images determined to be images of child sexual abuse. *Id.*

On September 11, 2012, Petitioner was indicted on ten counts of Sexual Exploitation of a Minor, a Class Two felony, in violation of A.R.S. § 13-3553(A)(2). (Ex. B, Doc. 14 at 18-20.) A jury convicted Petitioner on three of these counts, but acquitted him of the other seven. (Ex. C, Doc. 14 at 22-24). On July 8, 2013, Petitioner was sentenced to ten years' incarceration for each, the minimum sentence under A.R.S. § 13-70(D). (Ex. D, Doc. 14 at 26-27.) All three sentences were to run consecutively. *Id.*

### a. Direct Appeal

Petitioner filed a direct appeal challenging his sentence on four grounds. (Ex. F, Doc. 15 at 4.) First, he claimed there was not sufficient evidence that he knowingly possessed the images on his computer. *Id.* Second, Petitioner contended that the trial court erroneously admitted 192 uncharged images of child pornography without evidence that he knowingly possessed such images and despite the likelihood of prejudice. *Id.* Third, he asserted the trial court erred when it precluded Mrs. Bennett's prior encounters with Child Protective Services. *Id.* Finally, Petitioner posited that the sentencing statute for sexual exploitation of a minor as applied to possession of child pornography was a violation of Petitioner's Eighth Amendment and equal protection rights. *Id.*

The Arizona Court of Appeals affirmed Petitioner's convictions and sentences in a memorandum decision on June 3, 2014. (Ex. A, Doc. 14.) The appellate court first found there was substantial evidence that Petitioner knew he possessed child pornography. *Id.* at 6. Second, it found that the trial court's admission of uncharged images found on Plaintiff's computer was within the trial court's discretion because it was used for the proper purpose of demonstrating knowledge and the court appropriately weighed its

probative value against possible prejudice. *Id.* at 10-12. Third, the appellate court stated that the trial court had not abused its discretion when it prevented inquiry into Mrs. Bennett's involvement with Child Protective Services because it was irrelevant, there was sufficient evidence demonstrating the wife's ulterior motives, and Petitioner had not demonstrated prejudice. *Id.* at 15. Finally, the appellate court stated that the Arizona Supreme Court found the statute for which Petitioner was sentenced under was constitutional, and the appellate court had no authority to overturn the Arizona Supreme Court decision. *Id.* at 18. Nevertheless, even if the court had authority, Petitioner had not provided a compelling reason for overturning precedential law. *Id.* at 16. Petitioner did not file a petition for review to the state supreme court, and the mandate issued on August 11, 2014. (Ex. I, Doc. 16.)

### b. Petition for Post-Conviction Relief

Petitioner filed a Petition for Post-conviction Relief ("PCR Petition") with the trial court on October 23, 2015, arguing that trial counsel rendered ineffective assistance of counsel ("IAC") for the following reasons:

1. Counsel was unable to advise Petitioner about a plea agreement. Because of this, Petitioner erroneously believed that if he rejected the plea, he would either receive a better plea agreement, or his attorney would win at trial. (Ex. Q, Doc. 17 at 22-23.)
2. Counsel was ineffective during jury selection because she did not submit written voir dire questions, did not utilize her strikes efficiently, and did not ask to have a juror removed for cause when it was discovered the juror knew Petitioner's former wife. *Id*. at 23-26.
3. Counsel did not effectively cross-examine witnesses because she failed to object to leading questions and hearsay. *Id*. at 27-31.
4. Counsel failed to impeach Petitioner's ex-wife effectively because she did not question why Mrs. Bennett stated she never used Petitioner's computer and then contradicted herself by stating she used it when hers was not working. *Id*.

5. Counsel forced Plaintiff to waive his constitutional right to testify because counsel told Plaintiff she could either prepare him to testify or prepare for trial. *Id*. at 31-33.
6. Counsel erred when she did not request a limiting instruction on evidence of 192 images of sexual abuse which were not charged. *Id*. at 34-35.
7. Counsel failed to object when the prosecutor engaged in vouching and prosecutorial misconduct during closing arguments. *Id*. at 35-37.
8. Counsel failed to challenge the constitutionality of the sentencing statute as applied to the facts of Petitioner's case. *Id.*at *37*-38.
9. Counsel's failures resulted in cumulative error. *Id*. at 39.

For each ground, the trial court denied Petitioner's PCR Petition on April 20, 2016. (Ex. T, Doc. 18.) The trial court stated that Petitioner had not demonstrated prejudice from counsel's actions. It explained that counsel was not ineffective because:

1. Petitioner admitted there were many other reasons he relied on when rejecting the plea, not just counsel's advice. Therefore, Petitioner could not demonstrate prejudice. *Id*. at 13-14.
2. Petitioner could not demonstrate he was prejudiced by the selected jurors, and their impartiality was demonstrated by the fact that they acquitted Petitioner of seven charges. Further, the juror who knew Petitioner's ex-wife explained she was sure she could remain impartial despite knowing Mrs. Bennett. The trial court was satisfied that her response demonstrated she could be impartial. Therefore, any argument of prejudice was merely speculative. *Id*. at 14-15.
3. Objecting to leading and hearsay statements during cross-examination would not have changed the outcome of the trial because the statements were already in evidence. *Id*. at 15-16.
4. Counsel presented a great deal of impeachment evidence against Petitioner's former wife and any further impeachment was speculative, cumulative, and did not result in prejudice. *Id*.

5. Petitioner's argument that counsel violated his constitutional rights by forcing him not to testify was waived because this issue was not brought up on direct appeal, as necessary under Arizona Rule of Criminal Procedure 32.2. Also, Petitioner's contention that counsel's action was ineffective failed because Petitioner could not prove prejudice. *Id*. at 19-20.

6. Petitioner suffered no prejudice by the admission of the uncharged images of child abuse because defense counsel made it clear which images were charged and which were additional images. Furthermore, Petitioner was only convicted of three of the ten charges, which showed that the uncharged images did not prejudice the jury. *Id*. at 17.

7. The trial court found the prosecutor's closing arguments were "relevant, permissible, and thus not prosecutorial misconduct" and Petitioner could not show he was prejudiced by them. *Id*. at 17-18.

8. Counsel's failure to challenge the constitutionality of Arizona's sentencing scheme under A.R.S. § 13-3553 did not cause prejudice because Arizona Supreme Court case law determined the statute is constitutional, and the trial court could not overturn the higher court's decision. *Id*. at 18-19.

9. Cumulative error was not recognized by the Arizona courts. Regardless, because the trial court did not find any of counsel's actions were ineffective as a whole counsel's actions could not then constitute cumulative error. *Id*. at 20-21.

On May 4, 2016, Petitioner filed a Motion for Reconsideration arguing he had not waived his right to testify. (Ex. U, Doc. 18.) The trial court denied the motion on June 15, 2016, stating it was not convinced Petitioner was forced not to testify, and so much evidence was presented against him that his testimony could not have affected the result of the proceedings. (Ex. Y, Doc. 18, at 44.)

### c. Arizona Court of Appeals Petition for Review

On July 5, 2016, Petitioner filed a petition for review to the Arizona Court of Appeals. (Ex. Y, Doc. 19.) Petitioner argued that the trial court erred because the

*Strickland* standard was not the appropriate standard of review for determining ineffective assistance. *Id.* at 4-5, 6-7. Instead, the trial court should have found that Petitioner had presented a colorable claim for relief and granted him an evidentiary hearing. *Id.* at 5.

The court of appeals denied relief in a memorandum opinion on October 12, 2016. (Ex. Z, Doc. 19.) The appellate court agreed that in order to grant an evidentiary hearing, Petitioner needed to demonstrate he raised a colorable claim. *Id.* at 21. However, a colorable claim of IAC needed to show that (1) "counsel's performance fell below objectively reasonable standards," and (2) "this deficiency prejudiced the defendant." *Id.* (quoting *State v. Bennett*, 146 P.3d 63, 68 ¶21 (Ariz. 2006) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)). The appellate court found that the trial court had assumed Petitioner's statements were true, but even so, these allegations were "insufficient to state a colorable claim of ineffective assistance of counsel." *Id.* at 21. In addition, the appellate court determined that counsel's prediction about the possibility of success at trial did not constitute ineffective assistance. *Id.* at 22. Moreover, Petitioner did not claim that but for counsel's error he would have pleaded guilty and so he had shown no prejudice. *Id.* at 22.

The appellate court conceded that the trial court did slightly misconstrue the *Strickland* standard as requiring proof of a different outcome had counsel's performance been sufficient. (Doc. Z, Doc. 19 at 24.) Instead, to show prejudice Petitioner needed to demonstrate that but for counsel's actions there was a "reasonable probability" that the outcome would have been different. *Id.* at 23-24. However, the error was harmless because the trial court "affirmatively concluded that, had counsel performed as Hall argues she should have, 'it would not have changed the outcome of the proceedings.'" *Id.* at 24-25. This statement "precluded any 'reasonable probability' of a different result." *Id.*

### d. Arizona Supreme Court PCR Petition for Review

Petitioner filed a Petition for Review to the Arizona Supreme Court on November 9, 2016. (Ex. AA, Doc. 19.) Petitioner again argued that the trial court's denial of the

PCR Petition was an abuse of discretion and Petitioner should have been granted an evidentiary hearing. *Id.* at 37-38. Petitioner also argued he was denied constitutional rights under the Fifth, Sixth, and Fourteenth Amendments. *Id.* at 31. He further alleged that counsel was ineffective during plea negotiations and juror selection, and cumulative error resulted. *Id.* at 34-37. The Arizona Supreme Court summarily denied the petition (Ex. BB, Doc. 19 at 42), and the mandate issued on July 24, 2017 (Ex. CC, Doc. 19 at 44).

### e. Instant § 2254 Petition

On August 25, 2017 Petitioner filed a Pro Se § 2254 Petition, followed by an Amended § 2254 Petition through counsel on October 11, 2017. (Docs. 1, 12.)

## II. Timeliness

As a preliminary matter, the Court must determine whether Petitioner's § 2254 Petition is timely. Petitioner's habeas corpus petition was filed in 2017, therefore it is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d). "The time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation[.]" 28 U.S.C. § 2244(d)(2). A petitioner must file a §2254 habeas petition within one year.

> [The one year statute of limitation] period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . .
>
> . . . .
>
> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation.

28 U.S.C. § 2244(d)(1).

Petitioner filed a notice of post-conviction relief on September 26, 2013, and an amended notice on November 14, 2013. (Ex. J, Doc. 16 at 54; Ex. M, Doc. 16 at 65.) The state court stayed the proceedings until the conclusion of direct review. (Ex. L, Doc. 16 at 63.) Petitioner's direct appeal was denied by the appellate court on June 3, 2014, and he

did not file a petition for review to the Arizona Supreme Court. (Ex. A, Doc. 14.) The stay was lifted on October 28, 2014 (Ex. O, Doc. 16 at 74), and after receiving a deadline extension (Ex. O, Doc. 17 at 8-10), Petitioner filed a Petition for Post-Conviction Relief on October 23, 2015. (Ex. Q, Doc. 17.) The trial court denied his petition on April 20, 2016 (Ex. T, Doc. 18), and his motion for reconsideration on June 14, 2016 (Ex. X, Doc. 18). Petitioner filed a timely petition for review at the appellate level on July 5, 2016. (Ex. Y, Doc. 19.) On October 12, 2016, the Arizona Court of Appeals granted review but denied relief. (Ex. Z, Doc. 19.) Petitioner's petition to the Arizona Supreme Court, filed on November 9, 2016 (Ex. AA, Doc. 19) was denied review on April 19, 2017 (Ex. BB, Doc. 19). The mandate issued on July 24, 2017. (Ex. BB, Doc. 19.) Petitioner had one year from the date the Arizona Supreme Court denied review to file the instant § 2254 Petition. *See Lawrence v. Florida*, 549 U.S. 327, 332 (2007) (The statute of limitations begins to run after "the State's highest court has issued its mandate or denied review.") Petitioner's § 2254 Petition, filed on August 25, 2017, is within the one year window and is therefore timely.

### III. Standard of Review

A writ of habeas corpus under § 2254 may be evaluated by a federal court only when a petitioner alleges "that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Furthermore, a §2254 habeas petition:

> shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim – (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Cullen v. Pinholster,* 563 U.S. 170, 181 (2011). When evaluating a federal habeas petition, the federal courts "owe a 'double dose of deference' to the state court's judgment." *Long v. Johnson,* 736 F.3d 891, 896 (9th Cir. 2013) (quoting *Boyer v. Belleque,* 659 F.3d 957, 964 (9th Cir. 2011)). A state court's decision is unreasonable if it "correctly identifies the governing legal rule but applies it

unreasonably to the facts of a particular prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 407-08 (2000). An unreasonable determination must be more than simply incorrect; it must be "so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, 571 U.S. 11, 16 (2013) (quoting *Harrington v. Richter,* 562 U.S. 86, 103 (2011)). To find a state court decision unreasonable in light of the evidence, the District Court must be "convinced that an appellate panel, applying the normal standards of appellate review, could not reasonably conclude that the finding is supported by the record." *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir. 2004), *abrogated on other grounds by Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014). "This is a daunting standard—one that will be satisfied in relatively few cases." *Id.*

- ***EXHAUSTION OF STATE REMEDIES***

For the District Court to review a writ of habeas corpus, a petitioner must show he has exhausted his state remedies by fairly presenting the same issues to the state's highest court. 28 U.S.C. § 2254(b)(1)(A); *see also Coleman v. Thompson,* 501 U.S. 722, 731 (1991). To fairly present a claim, petitioner must "describe[] the operative facts and legal theory upon which his claim is based." *Duncan v. Henry*, 513 U.S. 364, 370 n.1 (1995) (quoting *Tamapua v. Shimoda*, 796 F.2d 261, 262 (9th Cir. 1986). The requirement to exhaust state remedies makes certain that the state courts are given an opportunity to address constitutional violations without the federal court's intrusion. *Rose,* 455 U.S. at 515. Failure to exhaust may lead to dismissal. *Gutierrez v. Griggs,* 695 F.2d 1195, 1197 (9th Cir. 1983). "[O]nce the federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied." *Picard v. Connor,* 404 U.S. 270, 275 (1971). In Arizona, "in cases not carrying a life sentence or the death penalty, review need not be sought before the Arizona Supreme Court in order to exhaust state remedies." *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999); *see also Crowell v. Knowles,* 483 F.Supp.2d 925, 933 (D. Ariz. 2007). However, even if a petitioner's claims are not exhausted, the District Court may deny a claim on the merits. 28 U.S.C. § 2254(b)(2).

- ***PROCEDURAL DEFAULT***

In addition to exhaustion, a procedural default also precludes review in habeas. Unlike exhaustion, wherein a federal claim has never been presented in the state court, a procedural default occurs when "a state court has been presented with a federal claim, but declined to reach the issue for procedural reasons, or if it is clear that the state court would hold the claim procedurally barred. . . . Thus, in some circumstances, a petitioner's failure to exhaust a federal claim in state court may cause a procedural default." *Cassett v. Stewart,* 406 F.3d 614, 621 n.5 (9th Cir. 2005) (internal citations omitted).

The District Court may not review petitioner's federal habeas petition if petitioner presented his claims in the state court, and the state court denied the claims based on "a state law ground that is independent of the federal question and adequate to support the judgment." *Coleman,* 501 U.S. at 729. This is because the District Court has "no power to review a state law determination that is sufficient to support the judgment, resolution of any independent federal ground for the decision could not affect the judgment and therefore would be advisory." *Id*. Furthermore, the District Court is prevented from reviewing the merits of a claim when the state court denied the claim due to a procedural bar. *Barker v. Fleming*, 423 F.3d 1085, 1092 (9th Cir. 2005).

The only exception permitting review in habeas for a claim that has been defaulted in the state court occurs when the petitioner can show cause for the default and prejudice, or demonstrate that failing to consider the claim would cause a "fundamental miscarriage of justice." *Dretke v. Haley,* 541 U.S. 386, 393 (2004). "Cause" is a legitimate excuse that ordinarily relies on circumstances objectively unrelated to petitioner. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). This includes "a showing that the factual or legal basis for a claim was not reasonably available to counsel, or that "some interference by officials" made compliance impracticable." *Id.* (internal citations and quotations omitted). To show prejudice, a petitioner must demonstrate "not merely that the errors at . . . trial created a *possibility* of prejudice, but that they worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original).

///
## IV. Petitioner's Grounds for Relief in Habeas

The Amended § 2254 Petition divides Petitioner's claims into the following subdivisions:

> **Ground I(A):** Trial counsel was ineffective for failing to advise Petitioner about a plea agreement;
>
> **Ground I(B)(1):** Trial counsel rendered IAC when she forced him choose between preparing Petitioner to testify or preparing for trial;
>
> **Ground I(B)(2):** Trial counsel forced Petitioner to choose between testifying or preparing for trial, and this violated Petitioner's Sixth Amendment rights;
>
> **Ground I(C)(1):** Counsel was ineffective during cross examination of Mrs. Bennett;
>
> **Ground I(C)(2):** Counsel's failure to request a psychosexual evaluation constituted IAC;
>
> **Ground I(C)(3):** Counsel's errors resulted in cumulative error;
>
> **Ground I(D):** "The Arizona courts denied the petitioner his rights under the Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution";
>
> **Ground II(A)(1):** Petitioner's sentence was in violation of his First Amendment rights; and
>
> **Ground II(A)(2):** Petitioner's sentence was disproportionate to the crimes committed and violated Eighth Amendment rights.

(Doc. 12.) The Court will address these arguments in order.

### a. Ineffective Assistance of Counsel

For the most part, Petitioner's grounds for relief rely upon an assertion that trial counsel's actions constituted IAC and resulted in various constitutional violations. To demonstrate counsel's representation was ineffective, a Petitioner must show both that (1) counsel's actions were deficient, and (2) as a result, Petitioner suffered prejudice.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). A defendant has suffered prejudice when "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 695. Review of counsel's actions is highly deferential. *Cullen*, 563 U.S. at 190. Under this elevated standard of review, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland*, 466 U.S. at 689 (internal quotations omitted). "[T]he question is not whether counsel's actions were reasonable. The question is whether there is *any reasonable argument* that counsel [was effective]." *Harrington*, 562 U.S. at 105 (emphasis added). "Failure to satisfy either prong of the *Strickland* test obviates the need to consider the other." *Rios v. Rocha*, 299 F.3d 796, 805 (9th Cir. 2002).

### b. Ground I(A): IAC, Plea Agreement

Originally Petitioner was offered a plea agreement exposing him to between five to fifteen years' incarceration. (Doc. 12 at 6.) During a preliminary hearing, counsel informed the trial court she was unable to properly advise Petitioner about this plea agreement at that time. (Doc. 12 at 7.) Petitioner claims he rejected the plea based on counsel's advice, and her uninformed counsel constituted ineffective assistance resulting in an involuntary and unintelligent rejection. (Doc. 12 at 7.) Petitioner believes that he presented a colorable claim of ineffective assistance to the trial court, and the court erred when it found Petitioner had not demonstrated prejudice and denied his PCR Petition. (Doc. 12 at 8.)

To determine whether the state court's decision was contrary to Federal law, or an unreasonable determination of facts, this Court must first look to the last-reasoned state court decision. *See Barker*, 423 F.3d at 1091. Here, the trial court determined that counsel's failure to advise Petitioner about the plea was not ineffective because no prejudice resulted. The court stated, "Petitioner was advised about the plea, advised about his exposure if convicted at trial, and a *Donald* record was made. . . . Petitioner, by his own admission, rejected the plea 'for several reasons,' and [] did not rely solely on trial

counsel's professed beliefs." (Ex. T, Doc. 18 at 14.) Furthermore, the court found that counsel's confidence in her ability to win at trial did not make her ineffective because she capably obtained an acquittal on seven of the ten charges, and her prospective belief in her success should not be evaluated in retrospect. *Id.* at 13.

The Arizona Court of Appeals concluded the trial court was correct when it determined that Petitioner should not have been afforded an evidentiary hearing. (Ex. Z, Doc. 19 at 22-23.) The appellate court stated Petitioner's assertion that he should be afforded a hearing was based merely on a conclusory statement and regret. *Id.* at 22. However, the evidence showed that Petitioner was informed of the terms of the plea agreement and consequences of rejecting it. *Id.* The court added that "counsel's assessment of [Petitioner's] probable success at trial turned out to be mistaken. He provided no affidavits or other evidence suggesting counsel's assessment of his case fell below prevailing professional norms." *Id.* at 22. Furthermore, Petitioner failed to show prejudice because he had not argued that counsel's subpar performance changed his decision about the plea agreement. *Id.*

In the § 2254 Petition, other than simply claiming that the state court erred when it determined no prejudice occurred, Petitioner has offered no explanation why the state court's determination was contrary to Federal law or an unreasonable application of law to the facts of the case. Just as in his state proceedings, his § 2254 Petition never claims that had he been properly informed by counsel, his decision to reject the plea would have been any different. Furthermore, Petitioner completely ignores the state court's observation that Petitioner's rejection of the plea agreement was based on various reasons, not simply counsel's advice. Also, the state court found that it was simply one hearing in which counsel was unprepared to advise Petitioner on the plea, and subsequent measures were taken to ensure Petitioner made a voluntary and intelligent denial of the plea agreement. Petitioner does not address these discrepancies in his argument in his § 2254 Petition. Therefore, Petitioner cannot show a reasonable probability the outcome would have been different given adequate information about the plea. The Court finds that the state court's analysis reasonably applied the facts to the law when it concluded

- 13 -

Petitioner had not demonstrated prejudice. Because no prejudice existed, counsel's actions were not ineffective under the *Strickland* standard and he was not entitled to relief. The Court therefore denies Ground I(A).

### c. Ground I(B): Sixth Amendment Right to Counsel Violated when Forced to Choose Between Being Prepared to Testify and Prepared for Trial

The § 2254 Petition argues that when counsel gave Petitioner the choice between preparing to testify or preparing for trial, Petitioner's right to testify under the Sixth Amendment was violated. The § 2254 Petition does not include any reference to the actual testimony he would have given, or why that testimony had a reasonable probability of resulting in a different outcome.

The District Court may only review claims that have been "adjudicated on the merits." 28 U.S.C. § 2254(d). A claim has been adjudicated on the merits "when [the state court] has decided the petitioner's right to post conviction relief on the basis of the substance of the constitutional claim advanced, rather than denying the claim on the basis of a procedural or other rule precluding state court review of the merits." *Lambert v. Blodgett*, 393 F.3d 943, 969 (9th Cir. 2004). The trial court found the constitutional argument was waived because it could have been raised on appeal. (Ex. T, Doc. 18 at 19.) Furthermore, Petitioner has provided no cause for the default and as explained below, cannot show actual prejudice resulted. This procedural bar precludes review in the District Court.

In reference to the IAC claim, the trial court noted that Petitioner claimed his testimony would counter Mrs. Bennett's statements, but found this testimony would have been merely cumulative impeachment evidence. *Id.* In addition, the forensic evidence showed that the images were on Petitioner's computer only, and Petitioner selected the folder containing the images to be automatically displayed with software he purchased and installed. *Id.* at 20. Furthermore, Petitioner had admitted to police that he was the only person with the password to the computer. *Id.* Given the abundance of evidence

against him, Petitioner could not show that there would be a different outcome if his testimony was presented. *Id.*

Petitioner has provided no argument addressing why the trial court's decision was contrary to Federal law or an unreasonable application of law to the facts of this case other than arguing that being precluded from testifying was a constitutional violation. Furthermore, to demonstrate that IAC resulted in a constitutional violation, Petitioner must show that he was likely prejudiced by the actions. He has provided no potential testimony that would show any possibility of a different outcome. The state court's determination does not afford relief under 28 U.S.C. § 2254(d)(1)-(2), and the Court denies Ground 1(B).

### d. Ground I(C)(1): IAC Cross-Examination

Petitioner next claims that counsel's cross-examination of his former wife was ineffective, and suggests that the Court peruse the entire PCR Petition to ascertain his full argument. (Doc. 12 at 11.) Rule 2(c)(2) of the Rules Governing § 2254 Cases in the United States District Courts states that within a § 2254 habeas petition, a petitioner must articulate the specific facts that apply to each ground for relief. *See also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (pleading standard under § 2254 is more demanding than Fed.R.Civ.P. 8(a) and must state the supporting facts); *Vasquez-Morales v. Ryan*, CV-15-01118-PHX-JJT, 2017 WL 3621828, at *1 (D. Ariz. Aug. 23, 2017), *certificate of appealability denied*, 17-16943, 2018 WL 1470574 (9th Cir. Jan. 31, 2018) (court need not consider petitioner's claims that failed to provide facts supporting legal conclusions); *see cf. Redeker v. Neven*, 2:12-CV-00397-APG, 2014 WL 953553, at *3 (D. Nev. Mar. 11, 2014) (permitting incorporation by reference because petition included contentions as well as citations to specific parts of state record in support). The Court declines to rummage through Petitioner's entire PCR Petition to locate his arguments for him. "Judges are not like pigs, hunting for truffles buried in briefs." *Christian Legal Soc. Chapter of Univ. of Cal. v. Wu*, 626 F.3d 483, 488 (9th Cir. 2010) (citations omitted).

Insofar as what clearly alleged within his § 2254 Petition, Petitioner states that he was denied effective cross-examination in violation of his right to confront witnesses.

- 15 -

(Doc. 12 at 11-12.) Petitioner believes counsel did not properly question Ms. Bennett's credibility on the stand because counsel did not clarify the vague answers to what Mrs. Bennett believed she saw on Plaintiff's computer. *Id.* at 11.

The trial court found that Petitioner had not proven the prejudice prong of *Strickland*. It noted that the jury heard the inconsistencies in Mrs. Bennett's statements. (Ex. T, Doc. 18 at 16.) Further, Mrs. Bennett's testimony was impeached with evidence that: (1) Ms. Bennett kept her relationship secret from Petitioner's mother; (2) she had a child with another man while married to Petitioner; and (3) she wanted to leave Arizona prior to discovering the pornographic images. *Id.* Moreover, the court found that Petitioner's argument that counsel was ineffective because she failed to object to hearsay and irrelevant questions was unavailing because the testimony was either undisputed, was cumulative, or undermined Mrs. Bennett's credibility and did not prejudice Petitioner. *Id.* The Court of Appeals affirmed the trial court's determination that Petitioner had not demonstrated prejudice. (Ex. Z, Doc. 19 at 24-25.)

The § 2254 Petition appears to claim that because cross-examination was ineffective, he did not need to show prejudice. (Doc. 12 at 11-12.) But, Petitioner's cited cases are distinguishable and have to do with complete bar of questioning of a witness or an inability to expose the motive of the witness. *See e.g., Davis v. Alaska*, 415 U.S. 308, 316 (1974) (inability to cross examine about witness' probation prevented any suggestion of bias); *Brookheart v. Janis*, 384 U.S. 1, 4 (1966) (waiver of all cross-examination not intelligent and knowing); *Smith v. Illinois*, 390 U.S. 129, 131 (1968) (witness prevented from asking witness' true name "emasculates the right of cross-examination itself"). That is not the case here. Petitioner's counsel did cross-examine Mrs. Bennett. Moreover, as the trial court noted, counsel was able to effectively impeach Mrs. Bennett's testimony and demonstrate ulterior motives for her allegations. Other than citing the distinguishable cases, Petitioner does not argue that the state court's decision was an unreasonable application of law to the facts of this case, and the Court finds the state court's analysis was reasonable and did not conflict with Federal law.

///

### e. Ground I(C)(2): IAC Psycho-Sexual Evaluation

Petitioner contends that despite his family's request for a psycho-sexual evaluation, counsel refused to conduct one because it was cost-prohibitive. (Doc. 12 at 12.) Petitioner alleges counsel should have tried to obtain the necessary funds, and not doing so constituted a violation of due process. *Id.*

This argument was never raised at the state appellate court level and is unexhausted. Furthermore, Petitioner has shown no cause for his failure and is now precluded from returning to state court to exhaust this claim. This ground is, therefore, also procedurally defaulted. Moreover, Petitioner has offered no explanation why not reviewing this claim would result in a miscarriage of justice. Thus, the Court has no authority to review the merits of Ground I(C)(2).

### f. Ground I(C)(3): IAC Cumulative Error

Petitioner cites case law asserting that if a court finds the cumulative effect of counsel's errors *did not* result in a due process violation, this constitutes an unreasonable application of law affording relief in habeas. (Doc. 12 at 14.) As a result, he contends that the state court's determination that counsel's cumulative errors did not violate due process was an objectively unreasonable application of law. (Doc. 12 at 14.)

What is woefully missing from Petitioner's § 2254 is an explanation of why the court of appeals' decision was contrary to clearly established law when it decided each alleged error did not demonstrate ineffective assistance, and so the combined alleged errors cannot possibly present a colorable claim. The Court agrees with Respondents (Doc. 13 at 36); Petitioner's reliance on *Parle v. Runnels*, 505 F.3d 922 (9th Cir. 2007) is misguided. In that case, the court found certain individual errors that constituted ineffective assistance of counsel. *Id.* at 925. As explained, this case presents no such quandary. Petitioner cannot demonstrate ineffective assistance for any individual claim, and therefore cannot create cumulative error in the collective. The state court decision did not conflict with established Federal law and appropriately applied the law to the facts of this case. The Court will deny this ground for relief.

### g. Ground I(D): Constitutional Error under Fifth, Sixth, Eighth, and Fourteenth Amendments

In three sentences, Petitioner broadly claims that his due process rights were violated when the state courts denied his PCR Petition without granting him a hearing. No facts are included supporting this contention. The First and Eighth Amendment violations are the only assertions that are addressed in any meaningful manner in the context of other grounds for relief. Insofar as Petitioner alleges violations based on these amendments, the Court addresses the arguments in their corresponding subsection. However, the Court cannot find Petitioner warrants relief based on a vague constitutional notion that unsupported by any facts. *See* Rule 2(c)(2) of the Rules Governing § 2254 Cases in the United States District Courts; *see also Jones v. Gomez*, 66 F.3d 199, 205 (9th Cir. 1995).

### h. Ground II(A)(1): First Amendment Violation

Petitioner claims that despite the valid governmental concern about distribution of child pornography, he still has a constitutional protection to receive such information. Comparing images of child abuse to obscene material under the First Amendment, Petitioner seems to be asserting that he should be allowed to possess the images of child sexual abuse because they are for personal use and it has not been proven that viewing the material would lead to "deviant sexual behavior or crimes of sexual violence." (Doc. 12 at 15.) Therefore, a thirty year sentence is disproportionate and in violation of his First Amendment rights.

Petitioner did not raise this argument either on direct appeal or in any collateral post-conviction proceedings. (Ex. F, Doc. 15 at 42-49; Ex. Q, Doc. 17 at 25-25.) Petitioner has not exhausted this claim and may not now return to the state courts to raise this issue under Rule 32. Thus, this claim is technically exhausted and procedurally defaulted. Furthermore, Petitioner offers no cause for failing to raise the issue earlier.

### i. Ground II(A)(2): Eighth Amendment Violation

Petitioner's final claim alleges that the Arizona statutory penalties for viewing child pornography are severe and violate the constitutional protection against cruel and

unusual punishment. (Doc. 12 at 16-21.) Petitioner claims his sentence was disproportionately long, and courts should be permitted to tailor the sentence to the severity of the crime. *Id.* at 16-17. For support, Petitioner points to the Arizona Supreme Court decision in *Wright v. Gates*, 402 P.3d 1003 (Ariz. 2017), arguing that, like Wright, because he merely viewed images and did not engage in physical molestation of a child, he should not be subject to the statutory enhancement. *Id*. at 18. He also appears to claim that there was no actual child victim involved in his offenses. *Id*.

Petitioner's argument fails because *Wright v. Gates* is inapposite to Petitioner's claims. The reason Wright's actions did not warrant such a severe punishment was because the minors were fictitious. *Wright*, 402 P.3d at 1004. That is not the case here. The victims are the children in the images contained on Petitioner's computer.

Furthermore, Petitioner cannot show the state court's decision was contrary to law or an unreasonable application of facts. The state court noted that Arizona law had already confirmed that the sentencing scheme was constitutional in *Arizona v. Berger,* 134 P.3d 378, 383-84, 388. (Ex. A, Doc. 14 at 16.) The *Berger* court, moreover, explained that the state had valid reasons to require stiff sentences for the possession of child pornography to effectively end the abuse of children for viewers' gratification. 134 P.3d at 381-82. The reasonable measures enforced through the statutory scheme for viewing of child pornography do not violate the Eighth Amendment. Petitioner has not demonstrated that justifiably strict penalties are contrary to Federal law.

Accordingly, IT IS ORDERED:

1. Petitioner Marc Adam Hall's Amended Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 is DENIED. (Doc. 12.)
2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court will not issue a certificate of appealability because reasonable persons could not "debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotations omitted).

3. The Clerk of Court shall enter judgment accordingly and close the case file in this matter.

Dated this 19th day of October, 2018.

_____
Bernardo P. Velasco
United States Magistrate Judge